UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN AND JANE DOES, et al., <br><br> Defendants. | Case No. 15-cv-01263-VC <br> *SEALED* <br><br> **ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. No. 6 |

World Wrestling Entertainment ("WWE") is hosting a series of events in Santa Clara County beginning Wednesday, March 25, 2015. It has filed an *ex parte* application for an order under the Lanham Act, 15 U.S.C. § 1116(d), to restrain people from selling counterfeit products (such as t-shirts, hats and masks) within five miles of the events, and to authorize the seizure of any such products.

WWE has satisfied the requirements for an order, but the proposed order it has submitted is too broad. It would authorize off-duty law enforcement officers, along with anyone acting under the supervision of the off-duty officers, to seize the products. The pertinent language of the proposed order reads: "Any federal, state or local law on-duty or off-duty enforcement officer, and/or persons acting under the supervision and control thereof (collectively 'Enforcement Officials') are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks . . . ." (typo in original). But the statute authorizes seizure only by "a [f]ederal law enforcement officer" or a "[s]tate or local law enforcement officer." 15 U.S.C. § 1116(d)(9). This clearly does not include private parties "acting under the supervision" of law enforcement officers. *See also* Ex. 1, S. Rep. No. 98-526 at 17 ("[I]t is important that law enforcement officials, and not private citizens, enforce seizure

orders."); Ex. 2, H.R. Rep. No. 98-997 at 23 (The statute "permits either a United States marshal or another law enforcement officer to carry out the seizure. The Committee strongly prefers that the seizure be carried out by a Federal marshal . . . ."); *World Wrestling Entm't, Inc. v. Unidentified Parties*, 770 F.3d 1143, 1145-46 (5th Cir. 2014); *Warner Bros. Inc v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125-26 (2d. Cir. 1989); *Time Warner Entm't Co., L.P. v. Does Nos. 1-2*, 876 F.Supp. 407, 412 (E.D.N.Y. 1994).

Nor does the statute appear to include law enforcement officers who are off-duty. After a hearing on the *ex parte* application, the Court requested further briefing on whether an off-duty police officer working as a private security guard for WWE could be considered a "local law enforcement officer" within the meaning of section 1116(d)(9). WWE's supplemental brief, if anything, confirms the suspicion that this would be an overbroad reading of the statute, because it confirms that police officers generally do not act as law enforcement officers when they work as private security guards during their off time, at least in California. Subject to an exception created by statute, "police officers do *not* act as peace officers when privately employed and paid as security guards." *Melendez v. City of Los Angeles*, 73 Cal. Rptr. 2d 469, 477 (Ct. App. 1998) (emphasis in original). The exception is when the officers are in uniform, the private work is approved by the law enforcement agency where the officer is employed, the agency approves the use of the uniform during the private employment, and the officer is subject to reasonable rules and regulations of the agency. Cal. Penal Code § 70(d)(1). And if these conditions are met, the law enforcement agency remains liable for the conduct of the off-duty officer. Cal. Penal Code § 70(d)(2).

WWE acknowledges that its off-duty officers will not be wearing uniforms. *See* Supp. Brief at 2, n.1. Therefore, its off-duty officers will not be acting as actual police officers. And if a person is not acting in his capacity as an actual police officer, it seems unlikely he could be deemed a "local law enforcement officer" within the meaning of section 1116(d)(9). Certainly the Court is not prepared to reach the opposite conclusion on such a short timeline and absent some showing by WWE that Congress intended it.

The discussion in *Melendez* helps show why any doubt about the meaning of "law

enforcement officer" in section 1116(d)(9) should be resolved in favor of a narrower construction that includes only on-duty officers (or off-duty officers who, under state law, are acting in their capacity as police officers when working as private security guards). In *Melendez*, off-duty officers working as private security guards shot a bystander in the back when a melee erupted, in part because it was not clear to the melee participants that the off-duty officers were actually police officers. 73 Cal. Rptr. 2d at 471. The same concern could present itself at a crowded WWE event, with the seller of counterfeit products questioning the authority of apparent civilians to seize those products. Moreover, if any off-duty police officer could serve as a "law enforcement officer" within the meaning of section 1116(d)(9), what is the safeguard against companies using off-duty officers who have a history of excessive force incidents? *Cf. Melendez*, 73 Cal. Rptr. 2d at 476 (explaining that giving the agency control over who may act as a police officer while working as a private security guard may cause the agency to "allow some [officers] to do so while declining permission to others who have a doubtful record in connection with excessive force").

To be sure, there is nothing in the record to indicate that violence is likely to erupt between security guards and bootleggers at the WWE events, nor is there anything to suggest that WWE is using off-duty officers with questionable records. But these concerns support a narrow reading of the statute in the first place – a reading that does not allow off-duty officers acting in a private capacity as security guards to seize counterfeit products under section 1116(d)(9).

Accordingly, the Court will issue WWE's proposed order after changing the applicable language to read as follows: "Any on-duty federal, state or local law enforcement officer is hereby authorized to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks . . . ."

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
VINCE CHHABRIA
United States District Judge

3