UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN AND JANE DOES, et al., <br><br> Defendants. | Case No. 15-cv-01263-VC <br> *SEALED* <br><br> **TEMPORARY RESTRAINING ORDER; ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** <br><br> Re: Docket No. 6 |

Based upon the Verified Complaint, the Ex Parte Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declaration in support of the Motion, and all other pleadings and proceedings presented to the Court, and good cause having been shown, the Court issues this temporary restraining order, order for seizure, and order to show cause why a preliminary injunction should not issue.

The Court will hold a hearing on **April 7, 2015 at 10:00 a.m.** at 450 Golden Gate Ave., San Francisco, CA 94102 in Courtroom 4, about whether WWE should receive a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling counterfeit goods. At this hearing, the Defendants may raise any objection concerning any seizure made pursuant to this Order.

The Court makes the following findings:

**IT APPEARING TO THE COURT** that Plaintiff World Wrestling Entertainment, Inc. ("WWE"), exclusively owns or controls the numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are either currently pending or registered with the United States Patent and Trademark Office;

**AND IT APPEARING TO THE COURT** that Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, are or will be present on the premises or within a five-mile radius of the venues where WWE's live events shall be occurring beginning on March 26, 2015 and ending March 28, 2016, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, which are the locations in Santa Clara and San Jose, California where WWE's Wrestlemania® 31 Weekend Events shall be occurring from March 26 through March 30, 2015, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in

Exhibit 3 hereto;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods and other materials subject to this Order will be located on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 31 Weekend Events shall be occurring in Santa Clara and San Jose from March 26 through March 30, 2015, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, as well as on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where other WWE events shall be occurring during the nationwide series of live events, including but not limited to those indicated in Exhibit 3 hereto;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a);

**AND IT APPEARING TO THE COURT** that: (a) WWE is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order; (c) the harm to WWE should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted; (d) WWE has not publicized the requested seizure; (e) WWE has given reasonable notice of this Application to the United States Attorney for this District; and (f) WWE has otherwise complied with all statutory requirements for the issuance of an ex parte Seizure Order;

**AND IT APPEARING TO THE COURT** that: (a) it has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant, ex

parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d); to grant, ex parte, under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d); and (b) no order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a);

**AND IT APPEARING TO THE COURT** that notice of this Order need not be given to Defendants because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court;

**IT IS HEREBY ORDERED** that Defendants, various John Does, Jane Does and XYZ Companies, their true identities being unknown, show cause before this Court, at 450 Golden Gate Ave., San Francisco, CA 94102 in Courtroom 4, on April 7, 2015, at 10:00 a.m., why an order should not be entered granting Plaintiff a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling the Enjoined Goods and/or raise any objection concerning any seizure effected pursuant to this Order; and

**IT IS FURTHER ORDERED** that, effective at 12:01 a.m. on March 25, 2015 (the "Effective Date" of this Order), and pending a hearing and determination of this application, or the expiration of seven (7) days from the Effective Date of this Order, unless extended by the Court, whichever shall first occur:

1. The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and

4

entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

    (a)    manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logos.

    (b)    representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2. Any on-duty federal, state, or local law enforcement officers are hereby authorized to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

3. The law enforcement officers acting hereunder are authorized to carry out the foregoing on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 31 Weekend Events shall be occurring in Santa Clara and San Jose, California from March 26 through March 30, 2015, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

4. Defendants shall cooperate with the law enforcement officers executing such

seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking, in the form of a cash bond, corporate security bond or other form approved by the Court, in the amount of $10,000 to secure the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Summons and the Verified Complaint in this action, by a law enforcement officer or by any person over the age of 18 years who is not a party to this action; and

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(8), this Order, along with the supporting Verified Complaint and other supporting documents, shall be filed under seal and shall remain sealed until the Defendants have an opportunity contest this Order.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
VINCE CHHABRIA
United States District Judge