MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: 415.882.8200
Facsimile: 415.882.8220

Jerry S. McDevitt (*pro hac vice* motion to be filed)
Curtis B. Krasik (*pro hac vice* motion to be filed)
Christopher M. Verdini (*pro hac vice* motion to be filed)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

**Attorneys for Plaintiff World Wrestling Entertainment, Inc.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>DOMINIC ANGEL RODRIGUEZ, VU TRUONG TRAN, BENJAMIN ADHAM PECHETTI, IBRAHAM NIMER SHIHEIBER, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100,<br><br>    Defendants. | Case No. 15-1263<br><br>**SUPPLEMENTAL MEMORANDUM REGARDING CUSTODIAN OF COUNTERFEIT MERCHANDISE** |

Pursuant to the Court's request at the April 7, 2015 hearing on Plaintiff World Wrestling Entertainment, Inc.'s ("WWE") request for a preliminary injunction and seizure order against Defendants, WWE hereby respectfully submits this supplemental memorandum of law addressing the issue of whether, under 15 U.S.C. § 1116(d) (the "Act"), the Court can order a substitute custodian to take custody of materials seized pursuant to the Court's forthcoming order.

Section 1116(d)(7) of the Act provides that "[a]ny materials seized under this subsection shall be taken into the custody of the court. For seizures made under this section, the court shall enter an appropriate protective order with respect to discovery and use of any records or information that has been seized. The protective order shall provide for appropriate procedures to ensure that confidential, private, proprietary, or privileged information contained in such records is not improperly disclosed or used."  15 U.S.C. § 1116(d)(7).  WWE did not find any binding authority on the issue of whether the Court has discretion to appoint a substitute custodian under this provision.

However, WWE did find several courts that have in fact appointed a substitute custodian to hold the seized goods under the §1116(d)(7) of the Act.  *See*, *e.g.*, *Electronic Lab. Supply Co. v. Cullen*, 977 F.2d 798, 801 (3d Cir. 1992) (recounting the procedural history and noting the district court "granted the motion of Morgan, Lewis & Bockius [plaintiff's attorneys] to be appointed substitute custodian of the seized goods"); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 737 F. Supp. 1521, 1526 (S.D. Cal. 1989) ("Defendants objected to the provisions of the Seizure Order which provided that 'records or things seized shall be impounded in the custody or control of plaintiffs or plaintiffs' agents as substitute custodian pending further order of this Court.'  The Court is satisfied that this provision did not violate the rights of the defendants, as the protective order limited plaintiff's access to these records."); *Sega Enters. Ltd. v. Maphia*, 857 F. Supp. 679, 689-90 (N.D. Cal. 1994) (finding that seizure order and preliminary injunction that provided for counterfeit goods to be "impounded in the custody of Plaintiffs' counsel, a Special Master or other substitute custodian to be agreed upon by the parties" was in compliance with the Lanham Act and not in violation of the Fourth Amendment); *Hand & Nail Harmony, Inc. v. Guangzhou Shun Yan Cosmetics Co., Ltd.*, 12-cv-01212, 2012 WL 483157 at *4-6 (D. Nev. Oct. 10, 2012) (ordering plaintiff's counsel to act as

substitute custodian of seized property); *Chanel, Inc. v. David Trading Co., Inc*, 08-22365, 2008 WL 4874159 at *2-3 (S.D. Fla. Nov. 12, 2008) (ordering substitute custodian).

WWE also found an opinion from the District Court for the District of New Hampshire that expressly rejects a request to appoint plaintiff's counsel as substitute custodian over seized goods. *See Compaq Computer Corp. v. Hardware 4 Less, Inc.*, 184 F. Supp. 2d 128, 129-130 (D.N.H. 2002). In rejecting the request, the Court relied on the language of §1116(d)(7) of the Act and expressly noted that "[t]he custody provision . . . provides a means of protecting confidential or privileged information from disclosure to the applicant and restricting applicant's access to seized materials outside of the discovery process." *Id.* WWE respectfully submits that it does not seek to and, based on past experiences, will not seize any potentially proprietary or trade secret information from Defendants that would require the Court to be the custodian of such property. To the extent WWE seizes anything beyond the Counterfeit Merchandise that it has encountered in the past, WWE is willing to submit such materials to the Court within seven (7) days of seizure and include such a provision in the proposed preliminary injunction order.

K&L GATES LLP

Dated: April 9, 2015          By: */s/ Matthew G. Ball*
                                  Matthew G. Ball
                                  Jerry S. McDevitt (pro hac vice motion to be filed)
                                  Curtis B. Krasik (pro hac vice motion to be filed)
                                  Christopher M. Verdini (pro hac vice motion to be filed)

                                  ATTORNEYS FOR PLAINTIFF WORLD
                                  WRESTLING ENTERTAINMENT, INC